J-S33044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON ERIC KUHNS | |
| Appellant | No. 1909 WDA 2015 |

Appeal from the PCRA Order December 1, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005268-2011

BEFORE:  GANTMAN, P.J., OLSON, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED JULY 29, 2016**

Appellant, Jason Eric Kuhns, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> DID THE [PCRA] COURT ERR IN DENYING APPELLANT'S PCRA PETITION SINCE TRIAL COUNSEL WERE INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS APPELLANT'S 4/22/11 STATEMENT TO POLICE

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

*Former Justice specially assigned to the Superior Court.

SINCE HE WAS NEVER PROVIDED **MIRANDA**[2] WARNINGS, HE ASKED FOR A LAWYER, AND HE WAS UNDER THE INFLUENCE OF DRUGS WHEN HE MADE THE STATEMENT; APPELLANT COMMUNICATED ALL OF THE AFOREMENTIONED TO TRIAL COUNSEL PRIOR TO AND DURING THE TRIAL, AND ALTHOUGH HIS STATEMENT TO POLICE WAS UNQUESTIONABLY THE MOST DAMAGING EVIDENCE AGAINST HIM THAT WAS PRESENTED TO THE JURY, COUNSEL REFUSED TO ATTEMPT TO SUPPRESS THE INVOLUNTARY STATEMENT?

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335, 338

---

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

(Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Anthony M. Mariani, we conclude Appellant's issue merits no relief. The PCRA court's opinion fully discusses and properly disposes of the question presented. (*See* PCRA Court Opinion, filed January 14, 2016, at 3-7) (finding: PCRA court did not conduct hearing because facts necessary to resolve PCRA petition were present in trial record; substantial evidence was presented at trial to prove police properly read Appellant his *Miranda* warnings, that Appellant did not request to speak with counsel, and that Appellant was not under influence of narcotics during interview; Detective Sherwood testified at trial that, prior to interviewing Appellant on April 22, 2011, Detective read Appellant his *Miranda* rights direct from Pittsburgh Police Department's form, Detective personally observed that Appellant did not exhibit signs that he was under influence of narcotics, Detective asked Appellant if he understood his *Miranda* rights and Appellant answered in affirmative and indicated his response on *Miranda* form, Detective informed Appellant that he could have a lawyer present and Appellant stated he understood and his response was noted on *Miranda* form, Detective asked Appellant if he wished to waive *Miranda* rights and Appellant responded "yes," which Detective indicated on *Miranda* form, and Appellant signed his name at bottom of *Miranda* form and initialed each page of form; Detective's trial

testimony indicates she properly mirandized Appellant prior to his interview on April 22, 2011; prior to any questioning, Detective also informed Appellant he had right not to answer any questions, that anything he said could be used against him in court, and that he was entitled to attorney and one would be appointed to represent Appellant if he could not afford attorney; Appellant indicated he was aware of these rights and voluntarily waived them; Appellant's claim that he was under influence of narcotics at time of April 22, 2011 interview is unsupported by evidence; trial counsel was not ineffective because court would have properly denied suppression motion based on Appellant's meritless issues). The record supports the PCRA court's decision; therefore, we have no reason to disturb it. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judge Olson concurs in the result.

Justice Fitzgerald files a dissenting statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/29/2016

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
)
vs. ) CC NO. 2011-5268
)
JASON ERIC KUHNS, )
)
Petitioner. )
)

ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

## OPINION

Mariani, J.

This is an appeal of a denial of Petitioner, Jason Eric Kuhn's, petition pursuant to the Post-Conviction Relief Act (hereinafter referred to as "PCRA"), 42 Pa.C.S. § 9541, *et seq.* In this case, Petitioner was convicted of First Degree Murder, Burglary, Robbery, Receiving Stolen Property and Conspiracy. This Court imposed a term of life imprisonment relative to the murder conviction and a consecutive aggregate term of not less than 15 ½ nor more than 31 years relative to the remaining convictions. He appealed that sentence and the Superior Court affirmed his conviction and sentence on June 3, 2014 (1972 WDA 2012). Petitioner then filed a pro se PCRA on August 6, 2015. Counsel was appointed and an Amended PCRA Petition was filed on October 16, 2015. The Commonwealth filed a response to the Amended PCRA Petition on November 3, 2015. On December 1, 2015, this Court entered an order denying the PCRA petition. A timely appeal was then filed.



DEPT. OF COURT RECORDS
CRIMINAL DIVISION PA
ALLEGHENY COUNTY
16 JAN 14 PM 1:51
FILED

Petitioner's only claim is that trial counsel rendered ineffective assistance of counsel for failing to file a motion to suppress his statements to police on April 22, 2011 because he was not Mirandized, requested counsel and he was under the influence of drugs at the time he made the statements. As noted by the Superior Court and this Court in its original opinion on direct appeal, during this interview, the defendant admitted sneaking into the victim's residence through the garage door for the purpose of stealing money or coins. He said that he was under the influence of drugs when he entered the residence. He surprised the victim and he struck the victim in the head with a tire iron. The defendant could not recall how many times he struck the victim. He admitted to placing bags over the victim's head. He admitted taking the coins and trying to pawn them at three different locations.

It is well established that counsel is presumed effective and the petitioner bears the burden of proving ineffectiveness. Commonwealth v. Cooper, 596 Pa. 119, 941 A.2d 655, 664 (Pa. 2007). Under the federal constitution, to obtain relief on a claim of ineffective assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As set forth in Commonwealth v. Dennis, 17 A.3d 297, 301 (Pa.Super. 2011),

> [i]n our Commonwealth, we have rearticulated the Strickland Court's performance and prejudice inquiry as a three-prong test. Specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a

2

reasonable probability that the result of the proceeding would have been different absent such error. Commonwealth v. Pierce, 567 Pa. 186, 786 A.2d 203, 213 (Pa. 2001).

The standard remains the same for claims under Pennsylvania and federal law. A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs. *Pierce, supra.* . Moreover, the credibility determinations of a trial court hearing a PCRA petition are binding on higher courts where the record supports such credibility assessments. Commonwealth v. R. Johnson, 600 Pa. 329, 356-57, 966 A.2d 523, 539 (2009).

The threshold inquiry in a claim of ineffective assistance of counsel is whether the issue/argument/tactic which counsel has forgone and which forms the basis for the assertion of ineffectiveness is of arguable merit. Commonwealth v. Ingram, 404 Pa. Super. 560, 591 A.2d 734 (Pa.Super. 1991). Counsel cannot be considered ineffective for failing to assert a meritless claim. Commonwealth v. Tanner, 600 A.2d 201 (Pa.Super. 1991).

Because the facts necessary to resolve the instant PCRA petition were present in the trial court record, this Court did not convene a hearing relative to the instant PCRA petition. At trial, substantial evidence was presented establishing that the Petitioner was Mirandized, that he did not request to speak with counsel and that he was not under the influence of narcotics at the time of the interview. Accordingly, in this Court's view, trial counsel could not have rendered ineffective assistance of counsel because the issue

3

raised by Petitioner would have been meritless as the suppression motion would have been properly denied.

Contrary to the allegations made by the Petitioner, Detective Patricia Sherwood testified during the trial of this case that prior to interviewing the Petitioner on April 22, 2011, she read his Miranda rights to him directly from a Miranda form maintained by the City of Pittsburgh Police Department. She personally observed that Petitioner was clear-headed and did not exhibit any signs that he was under the influence of narcotics. She orally advised Petitioner:

> It is my duty to inform you of the rights that you possess under the law. You cannot be compelled to answer, and you have the right to refuse to answer any questions asked of you during this interview or while you're in custody. If you do answer such questions, the answers given by you will be used against you in a trial in a court of law at some later date.

After advising the petitioner of those rights, Detective Sherwood asked Petitioner if he understood those rights. Petitioner indicated that he did understand his rights and his response was noted on the Miranda form. She then informed Petitioner that

> You're entitled to talk to a lawyer, have a lawyer present before you decide whether or not to answer any questions, and while you're answering questions.
>
> If you don't have the money to hire a lawyer, you are entitled to have lawyer appointed without cost t consult with you and to have a lawyer present before you decide whether or not you will answer questions and while you're answering questions.

4

Do you understand this?

Petitioner responded "yeap" and Detective Sherwood wrote his response on the <u>Miranda</u>

form. She further explained

> To continue, you can decide at any time before or during
> the questioning to exercise those rights by not answering
> any further questions or making any further statements, and
> if you exercise the right not to answer, the questioning will
> stop. Do you understand this?

The petitioner replied "yes". Detective Sherwood then asked the petitioner

> Knowing these rights, are you willing to waive your rights
> to answer questions without the presence of a lawyer?

The petitioner again replied "yes". Detective Sherwood wrote the petitioner's answers on

the <u>Miranda</u> form and Petitioner signed his name at the bottom of the <u>Miranda</u> form and

inserted his initials on each page of the form.

Detective Sherwood's testimony clearly indicates that she Mirandized the

petitioner prior to his incriminating interview. In <u>Miranda v. Arizona</u>, 384 U.S. 436, *478-*

479 (1966), the United States Supreme Court explained:

> To summarize, we hold that when an individual is taken
> into custody or otherwise deprived of his freedom by the
> authorities in any significant way and is subjected to
> questioning, the privilege against self-incrimination is
> jeopardized. Procedural safeguards must be employed to
> protect the privilege, and unless other fully effective means
> are adopted to notify the person of his right of silence and

5

to assure that the exercise of the right will be scrupulously honored, the following measures are required. He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. Opportunity to exercise these rights must be afforded to him throughout the interrogation. After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement. But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him.

As set forth in Commonwealth v. Best, 789 A.2d 757, 762 (Pa. Super. 2002):

[T]he protective provisions of Miranda prohibit the continued interrogation of an interviewee in police custody once he or she has invoked the right to remain silent and/or to consult with an attorney. Commonwealth v Rucci, 543 Pa. 261, 670 A.2d 1129 (Pa.Super. 1996). "Interrogation" means police questioning or conduct calculated to, expected to, or likely to evoke an admission. Commonwealth v Brown, 551 Pa. 465, 711 A.2d 444 (Pa.Super. 1998). Where an interviewee elects to give an inculpatory statement without police interrogation, however, the statement is "volunteered" and not subject to suppression, notwithstanding the prior invocation of rights under Miranda. Id; Commonwealth v. Bracey, 501 Pa. 356, 461 A.2d 775 (Pa.Super. 1993); Commonwealth v. Abdul-Salaam, 544 Pa. 514, 678 A.2d 342 (Pa.Super. 1992). Interrogation occurs when the police should know that their words or actions are reasonably likely to elicit an incriminating response, and the circumstances must reflect a measure of compulsion above and beyond that inherent in custody itself. See Commonwealth v. Fisher, 564 Pa. 505, 769 A.2d 1116. (Pa.Super. 2001)(emphasis supplied).

6

In this case, the record reveals that, Detective Sherwood warned Petitioner prior to any questioning that he had the right to not answer any of her questions, i.e, remain silent. She advised him that anything he said to her could be used against him in a court of law. She informed him that he had the right to the services of an attorney, and that if he could not afford an attorney, one would be appointed to represent him prior to any questioning. Petitioner indicated that he was aware of these rights and he voluntarily waived him. His claim that he was not informed of his Miranda rights and requested counsel is baseless. His claim that he was under the influence of narcotics at the time of the interview is self-serving and unsupported by any additional evidence. This Court gives no credence to Petitioner's self-serving assertion. Accordingly, had trial counsel filed a motion seeking to suppress Petitioner's statements of April 22, 2014, such motion would have been denied as meritless. Therefore, trial counsel did not render ineffective assistance of counsel and the PCRA petition was properly denied.

By the Court:

Date: January 14, 2016                    _____ J.

7