J-S38012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH  JENNINGS, | : | |
| | : | |
| Appellant | : | No. 3790 EDA 2016 |

Appeal from the Judgment of Sentence August 25, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0002518-2015

BEFORE:   GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED JULY 24, 2017**

Appellant, Kenneth Jennings, appeals from the judgment of sentence

entered in the Chester County Court of Common Pleas, following his

convictions of possession of a firearm with altered manufacturer's number,

firearms not to be carried without a license, persons not to possess firearms,

possession of drug paraphernalia, and possession of a small amount of

marijuana.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.

While on patrol on June 21, 2013, Detective Shannon Miller heard several

gunshots and responded to the scene.   At the scene, Detective Miller

_____

[1] 18 Pa.C.S.A. §§ 6110.2(a), 6106(a)(1) 6105(a)(1), 35 P.S. §§ 780-
113(a)(32), and (a)(31), respectively.

_____

*Former Justice specially assigned to the Superior Court.

observed Appellant run across the street, briefly stop behind bushes, and then walk away from the area. Detective Miller radioed a description of Appellant to responding officers, and Corporal Jeffrey Ingemie subsequently stopped Appellant. Corporal Ingemie placed Appellant in handcuffs and recovered $154.00 in U.S. currency and a marijuana blunt from Appellant's person. Meanwhile, Detective Miller searched the bushes where Appellant had briefly stopped. The search revealed $317.00 in U.S. currency, three small baggies of marijuana, and a .32 Walther handgun with an obliterated serial number. Police arrested and transported Appellant to the police station.

At the police station, Appellant expressed interest in speaking with Detective Miller about the incident. When Detective Miller arrived, Appellant spontaneously told Detective Miller he had been running away from the shooter and had not fired the gun. Detective Miller stopped Appellant and told him that she would give him a chance to tell his side of the story. Detective Miller returned to Appellant's holding cell some time later and told Appellant she planned to release him that night. Detective Miller also told Appellant she was ready to hear Appellant's side of the story if he was still interested in telling it. While walking to the interview room, Appellant expressed interest in working as a confidential informant ("CI"). Detective Miller informed Appellant she could pass his information along to the High Intensity Drug Trafficking Area ("HIDTA") group, but could not promise any

favorable treatment with his current arrest. Once in the interview room, Detective Miller read Appellant his **Miranda**[2] rights, which Appellant waived. During the subsequently recorded interview, Appellant admitted to ownership and possession of the gun, drugs, and money found in the bushes and on his person.

On September 8, 2015, the Commonwealth charged Appellant with possession of a firearm with altered manufacturer's number, firearms not to be carried without a license, possessing instruments of crime ("PIC"), possession of a controlled substance, possession of a small amount of marijuana, possession of drug paraphernalia, and persons not to possess firearms. Appellant filed an omnibus pre-trial motion on May 6, 2016, which sought the suppression of his recorded confession. The court denied the motion after a hearing on May 11, 2016. That same day, Appellant proceeded to a jury trial on the possession of a firearm with altered manufacturer's number, firearms not to be carried without a license, PIC, and possession of drug paraphernalia charges. After the conclusion of testimony on May 13, 2016, the court granted Appellant's motion for judgment of acquittal as to Appellant's PIC charge. The jury subsequently convicted Appellant of the remaining offenses, and the court convicted Appellant of possession of a small amount of marijuana. The court deferred

---

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

Appellant proceeded to a bench trial on the persons not to possess firearms charge on June 10 and June 29, 2016. On June 30, 2016, the court convicted Appellant of the persons not to possess firearms charge. On July 26, 2016, the court sentenced Appellant to a term of four and one-half (4½) to ten (10) years' imprisonment for the possession of a firearm with altered manufacturer's number conviction, a concurrent term of three (3) to ten (10) years' imprisonment for the firearms not to be carried without a license conviction, a concurrent term of four (4) to twelve (12) months' imprisonment for the possession of drug paraphernalia conviction, and a concurrent term of one (1) to three (3) years' imprisonment for the persons not to possess firearms conviction, for an aggregate term of four and one-half (4½) to ten (10) years' imprisonment. Appellant timely filed a post-sentence motion on August 5, 2016, which raised a challenge to the weight of the evidence, sufficiency of the evidence, and the discretionary aspects of Appellant's sentence.

At a hearing on August 25, 2016, the court vacated Appellant's sentence for the firearms not to be carried without a license conviction and resentenced Appellant to a concurrent term of three (3) to seven (7) years' imprisonment for the conviction. Appellant's aggregate sentence remained four and one-half (4½) to ten (10) years' imprisonment. The court also

heard argument on Appellant's post-sentence motion and took the matter under advisement. On November 4, 2016, the court denied Appellant's post-sentence motion. Appellant timely filed a notice of appeal on December 1, 2016. On December 2, 2016, the court ordered Appellant to file a concise statement of errors raised on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant's counsel filed a statement of intent to file an **Anders** brief on January 25, 2017. On March 20, 2017, counsel filed a petition to withdraw as counsel and **Anders** brief in this Court.

As a preliminary matter, counsel seeks to withdraw her representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to

confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> *   *   *
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and

determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (***See*** Letter to Appellant, dated February 8, 2017, attached to Petition for Leave to Withdraw as Counsel). In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

Counsel raises the following issues on Appellant's behalf:

> DID THE TRIAL COURT ERR IN FINDING THAT APPELLANT'S WAIVER OF HIS ***MIRANDA*** RIGHTS WAS NOT IMPERMISSIBLY INDUCED AND FURTHER THAT APPELLANT'S STATEMENT TO POLICE WAS GIVEN KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY?
>
> DID THE COURT ERR IN FINDING THAT THE WEIGHT OF THE EVIDENCE WAS NOT CONTRARY TO THE JURY'S FINDING THAT APPELLANT POSSESSED THE GUN SUPPORTING NUMEROUS FIREARM CONVICTIONS DESPITE APPELLANT'S DEFENSE OF NECESSITY?

(***Anders*** Brief at 5).

In his first issue, Appellant argues Detective Miller coerced the waiver of his ***Miranda*** rights by telling Appellant he would get off "scot-free" if he confessed to possession of the gun for protection. Appellant claims Detective Miller spoke to him about the incident while Appellant was in a

holding cell at the police station without informing Appellant of his **Miranda** rights. Appellant avers Detective Miller advised him to confess to possession of the gun for protection to avoid facing charges. Appellant submits he signed the waiver of his **Miranda** rights and gave a fabricated confession only because he believed Detective Miller's advice. Appellant concludes the court erred when it denied his motion to suppress his confession because he did not knowingly, voluntarily, and intelligently waive his **Miranda** rights, and this Court should vacate his judgment of sentence. We disagree.

Our standard of review of the denial of a motion to suppress evidence is as follows:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where…the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on [the] appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the [trial court are] subject to plenary review.

**Commonwealth v. Hoppert**, 39 A.3d 358, 361-62 (Pa.Super. 2012), *appeal denied*, 618 Pa. 684, 57 A.3d 68 (2012).

- 8 -

Statements made during custodial interrogation are presumptively involuntary, unless the police first inform the accused of his **Miranda** rights. **Commonwealth v. DiStefano**, 782 A.2d 574, 579 (Pa.Super. 2001), *appeal denied*, 569 Pa. 716, 806 A.2d 858 (2002). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." **Miranda, supra** at 444, 86 S.Ct. at 1612, 16 L.Ed.2d at ___. "[I]nterrogation includes express questioning as well as words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating statement." **Commonwealth v. Abdul-Salaam**, 544 Pa. 514, 532, 678 A.2d 342, 351 (1996), *cert. denied*, 520 U.S. 1157, 117 S.Ct. 1337, 137 L.Ed.2d 496 (1997). "[T]he protective provisions of **Miranda** prohibit the continued interrogation of an interviewee in police custody once he…has invoked the right to remain silent and/or to consult with an attorney." **Commonwealth v. Bess**, 789 A.2d 757, 762 (Pa.Super. 2002).

Additionally, this Court has stated:

> The determination [of] whether an accused has knowingly and voluntarily waived his constitutional rights depends on the facts of each particular case. These circumstances include the background, experience, and conduct of the accused. The [Commonwealth] has the burden to prove, by a preponderance of the evidence, that the waiver was the product of a free and deliberate choice rather than intimidation, coercion, or deception and was made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to

> abandon it. Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the constitutional rights to counsel have been waived. With respect to constitutional rights, courts should indulge every reasonable presumption against waiver.

*Commonwealth v. Cohen*, 53 A.3d 882, 886-87 (Pa.Super. 2012) (internal citations omitted).

Instantly, Detective Miller testified at the suppression hearing about her interaction with Appellant at the police station. The testimony established Appellant made spontaneous statements about the incident to Detective Miller when she visited Appellant in the holding cell. Specifically, Appellant told Detective Miller that someone else had been shooting at him, and he did not fire the gun he had in his possession. Detective Miller stopped Appellant from saying anything further, told Appellant she would give him an opportunity to tell his side of the story, and then left to investigate Appellant's criminal history. Detective Miller returned to Appellant's holding cell some time later, told Appellant that she would release him that night, and offered to listen to Appellant's side of the story if he was still interested in telling it. While walking to the interview room, Appellant said he still wanted to tell his side of the story and asked Detective Miller how he could help himself. Detective Miller informed Appellant she would pass his information along to the HIDTA group for possible CI work but could not promise any favorable treatment with his current arrest.

Detective Miller then read Appellant his *Miranda* rights line by line. Detective Miller stopped after each line and asked Appellant if he understood the rights. Appellant stated he understood each right and executed a written *Miranda* waiver form. Only after Appellant signed the waiver form did Detective Miller proceed to question Appellant about the incident. Appellant subsequently admitted to ownership and possession of the gun, drugs, and money found in the bushes and on his person.

Appellant also provided testimony at the suppression hearing, in which he denied Detective Miller's version of events. Instead, Appellant claimed Detective Miller questioned him at the scene of the incident and in the holding cell, without advising Appellant of his *Miranda* rights. Appellant also testified that Detective Miller told Appellant he would get off "scot-free" if he gave a formal statement that he possessed the gun for self-protection. Appellant said he believed Detective Miller, waived his *Miranda* rights, and gave a fabricated confession because he was anxious. The trial court found Detective Miller's testimony more credible than Appellant's testimony, and denied Appellant's suppression motion.

Under these circumstances, Detective Miller did not coerce Appellant's waiver of his *Miranda* rights. Appellant verbally acknowledged the waiver of his *Miranda* rights and executed the *Miranda* waiver form after Detective Miller read Appellant his rights line by line. Importantly, Appellant did not state at any time that he did not understand the rights he was abandoning

or the consequences of abandoning those rights. Further, Appellant did not demonstrate any action or statement by Detective Miller, which induced the waiver of his *Miranda* rights. Instead, Appellant merely stated he waived his *Miranda* rights and gave a fabricated confession because he was anxious. Thus, the Commonwealth established by a preponderance of the evidence that Appellant knowingly, voluntarily, and intelligently waived his *Miranda* rights; and the court properly denied Appellant's motion to suppress his confession. Accordingly, Appellant's first issue on appeal warrants no relief.

In his second issue, Appellant argues the verdict was against the weight of the evidence in light of his necessity defense. Appellant claims he came into possession of the firearm when he had an altercation with the shooter. Appellant maintains he did not own the firearm and only took the firearm from the shooter for Appellant's own protection. Appellant avers the jury erred when it disbelieved his version of events and convicted him of various firearms offenses. Appellant concludes his convictions shock one's sense of justice, and this Court should remand for a new trial. We disagree.

The standard of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse [a] verdict if it is so contrary to the evidence as to shock one's sense of

- 12 -

justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). "A trial court's denial of a weight claim is the least assailable of its rulings. Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve." ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa.Super. 2012), *appeal denied*, 620 Pa. 721, 69 A.3d 601 (2013) (internal citations omitted).

Further,

A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

***Commonwealth v. Widmer***, 560 Pa. 308, 319-20, 744 A.2d 745, 752 (2000) (internal citations omitted).

Instantly, Detective Shannon Miller testified for the Commonwealth at trial. Detective Miller explained she observed Appellant, on the night of the

- 13 -

incident, run across the street, stop briefly behind some bushes, and then walk away from the scene. Detective Miller stated a search of the bushes revealed $317.00 in U.S. currency, three small baggies of marijuana, and a .32 Walther handgun with an obliterated serial number. The Commonwealth also introduced at trial a video of Appellant's interview with Detective Miller. In the video, Appellant admitted ownership and possession of the handgun for person use.

To rebut the Commonwealth's evidence, Appellant testified on his own behalf at trial. Appellant alleged he took the gun away from an unknown male after a brief altercation. Appellant denied ownership of the gun and claimed he discarded the gun behind the bushes because he was afraid for his safety. Appellant insisted he fabricated his confession because he believed it would prevent charges being filed against him.

The Commonwealth's evidence as well as Appellant's evidence demonstrated that Appellant possessed the handgun on the night of the incident. Importantly, the jury was free to believe all, part, or none of the evidence presented at trial and to reject Appellant's "necessity" defense. **See Champney, supra**. The trial court determined the verdict was not against the weight of the evidence. We see no abuse of discretion in the court's decision on Appellant's weight claim, which therefore merits no relief on appeal. Following our independent review of the record, we conclude the appeal is frivolous. **See Palm, supra**. Accordingly, we affirm and grant

counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2017