J-S30044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR FULTON, | : | |
| | : | |
| Appellant | : | No. 3000 EDA 2017 |

Appeal from the PCRA Order August 17, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005711-2011

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 22, 2019**

Omar Fulton ("Fulton") appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **_See_** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 4, 2011, Fulton, along with another individual, knocked on the door of Leroy Buchanan ("Buchanan").  Against his friend's advice, Buchanan invited them inside.  Fulton and the second man entered the home, and Fulton then called to a third man, who was outside of the house.  The third man rushed into the home and shoved Buchanan onto a couch.  Fulton pulled out a black handgun, placed it to Buchanan's head, and asked where Buchanan kept his money.  Buchanan did not answer.  Fulton then forced Buchanan through the kitchen and down into the basement, shutting the basement door, while the other two men stole $350.00 from Buchanan's drawer upstairs.  Thereafter, all three men fled the scene.

Buchanan identified Fulton to the police, and Fulton was subsequently arrested. A jury found Fulton guilty of burglary, robbery, and conspiracy to commit robbery. **See** 18 Pa.C.S.A §§ 3502(a), 3701(a)(1)(ii), 903. On May 2, 2012, the trial court sentenced Fulton to an aggregate term of 7 to 30 years in prison. This Court affirmed Fulton's judgment of sentence on May 8, 2013, and, on October 10, 2013, our Supreme Court denied his Petition for allowance of appeal. **Commonwealth v. Fulton**, 81 A.3d 992 (Pa. Super. 2013) (unpublished memorandum), **appeal denied**, 77 A.3d 636 (Pa. 2013).

On October 21, 2013, Fulton, pro se, filed the instant PCRA Petition. The PCRA court appointed Fulton counsel, who filed an Amended Petition on his behalf. The PCRA court conducted an evidentiary hearing on August 17, 2017, after which the court dismissed Fulton's Petition. Fulton filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Fulton raises the following claim for our review: "Whether the court erred in not granting relief on the PCRA [Petition] alleging counsel was ineffective[?]" Brief for Appellant at 8.[1]

---

[1] In its Opinion, the PCRA court stated that the issues Fulton raised in his Concise Statement were not adequately defined, "forcing the [c]ourt [] to guess at the specific issues that [Fulton] wishes to raise." **See** PCRA Court Opinion, 9/13/18, at 3-4. However, because the PCRA court was able to discern Fulton's arguments, and addressed them in its Opinion, we decline to deem Fulton's claims waived on this basis.

Fulton challenges the effectiveness of his counsel ("Counsel"), who represented Fulton during trial and on direct appeal, and raises six separate arguments for our review. The applicable standards of review regarding the denial of a PCRA petition and ineffectiveness claims are as follows:

> Our standard of review of a PCRA court's denial of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> * * *
>
> It is well established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

In his first argument, Fulton asserts that Counsel was ineffective for failing to properly and timely advise him of a plea offer. Brief for Appellant at 17. Fulton asserts that he had no knowledge of an offer until the day of trial. *Id.* Fulton claims that he did not have time to consider the decision, because the information was not relayed in a timely manner. *Id.*

In order to be entitled to relief on a claim that trial counsel failed to communicate a plea offer, a petitioner must plead and prove that "(1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby." *Commonwealth v. Chazin*, 873 A.2d 732, 735 (Pa. Super. 2005) (citation omitted).

During the PCRA hearing, Counsel testified that he was the second attorney to represent Fulton, and Fulton had previously rejected a plea offer of four to ten years in prison through prior counsel. *See* N.T., 8/17/17, at 17-18. Counsel testified that he and Fulton, months before trial, discussed the original plea offer, and that Fulton adamantly refused the deal. *See id.* Counsel testified that on the day of jury selection, the offer of four to ten years was reinstated during a colloquy, and Fulton again refused. *See id.* at 18.

Fulton's adoptive parent, Shaun Drummond ("Drummond"), testified that Fulton's prior counsel had sought his help to speak to Fulton about the original plea offer. *See id.* at 52-53. According to Drummond, he and Fulton spoke about the plea offer while at home. *See id.* He also testified that Fulton knowingly rejected the original plea offer, because he wanted a one to two-year sentence in prison with probation. *See id.* at 53.

Fulton testified that Counsel did not relay the existence of a plea offer to him. *See id.* at 55. He stated that he knew only of the original offer from his prior counsel, which he declined in favor of a lesser sentence. *See id.; see also id.* at 62-63, 64-65 (wherein Fulton testified that he believed he

would be offered a deal for two to five years). Fulton testified that although he and Counsel met prior to the trial, no discussion about a plea offer occurred. *See id.* According to Fulton, the first time he was advised of a plea offer was the day of trial. *See id.* Fulton further testified that his mental health issues inhibited his ability to address his confusion regarding the plea offer with the trial court, either during the colloquy or at sentencing. *See id.* at 68-70.

The PCRA court considered Fulton's claim, and determined that Fulton was properly informed of the plea offer with ample time to consider the offer, both by himself and with his family. *See* PCRA Court Opinion, 9/13/18, at 7. The PCRA court also stated that Fulton's own witness, Drummond, contradicted Fulton's testimony. *See id.* By rejecting the plea deal in the hope of receiving a lesser sentence, it is apparent that Fulton recognized the existence of a plea offer and the act of denying it. *See id.* Further, the PCRA court specifically found Counsel's testimony credible and found Fulton's testimony not credible. *See id.* The PCRA court's findings are supported by the record. *See Franklin*, *supra*. Accordingly, Fulton has failed to establish that his underlying claim is of arguable merit, and he is not entitled to relief on this claim.

In his second argument, Fulton challenges Counsel's effectiveness for failing to file a motion to suppress a statement he made during his arrest. Brief for Appellant at 18. While in custody, but before he had been read his

*Miranda*[2] rights, Fulton asked why he was being arrested and spontaneously exclaimed, "[i]t doesn't matter, you're never going to find my gun anyways." Brief for Appellant at 18. Fulton claims his statement was not knowingly, voluntarily and intelligently given. *Id.* at 19. Fulton also argues that he was prejudiced by Counsel's failure to file a motion to suppress this statement. *Id.*

> In order to be entitled to relief on a claim that trial counsel failed to suppress a statement, a petitioner must be informed of his or her *Miranda* rights prior to custodial interrogation by police. Moreover, the protective provisions of *Miranda* prohibit the continued interrogation of an interviewee in police custody once he or she has invoked the rights to remain silent and/or to consult with an attorney. Interrogation means police questioning or conduct calculated to, expected to, or likely to evoke an admission. Where an interviewee elects to give an inculpatory statement without police interrogation, however, the statement is volunteered and not subject to suppression, notwithstanding the prior invocation of rights under *Miranda*. Interrogation occurs when the police should know that their words or actions are reasonably likely to elicit an incriminating response, and the circumstances must reflect a measure of compulsion above and beyond that inherent in custody itself.
>
> In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. The initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views of the law enforcement officer or the person being questioned. The fact that an [a]ppellant was the focus of the investigation is a relevant factor in determining whether he was in custody, but does not require, *per se*, *Miranda* warnings.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

*Commonwealth v. Bess*, 789 A.2d 757, 762-63 (Pa. Super. 2002) (citations, brackets, ellipses, and quotation marks omitted).

During the PCRA hearing, Counsel testified that he did not file a motion to suppress because "it was a spontaneous statement. It was not made in response to any kind of custodial interrogation. I felt it had no merit whatsoever." N.T., 8/17/17, at 19.

The PCRA court stated in its Opinion that Counsel's testimony was supported by the trial testimony of the police officer, who heard Fulton make the statement. *See* PCRA Court Opinion, 9/13/18, at 13. The PCRA court concluded that Counsel had a reasonable basis for failing to file a motion to suppress. *See id.* Because the record supports the PCRA court's determination, Fulton is not entitled to relief on this claim. *See Franklin*, *supra*.

In his third argument, Fulton challenges Counsel's effectiveness for failing to interview and present several witnesses at trial. Brief for Appellant at 19. He contends that each witness was ready and able to provide testimony in his defense. *Id.* Fulton asserts that Counsel never contacted the witnesses, and that failing to interview or call them at trial resulted in prejudice to Fulton. *Id.* at 19-21.

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was

willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel[,] for such decision usually involves matters of trial strategy.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations and quotation marks omitted).

Fulton failed to adequately develop this argument in his appellate brief. ***See*** Pa.R.A.P 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); ***see also*** ***Commonwealth v. McMullen***, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)). Fulton does not identify any of the witnesses he believes Counsel should have contacted, interviewed, or presented at trial, nor does he develop any argument concerning any of the five elements required for success on such a claim. ***See***

*Sneed*, *supra*. Accordingly, this claim is waived.[3]

In his fourth argument, Fulton challenges Counsel's effectiveness for failing to file a post-trial motion alleging that the verdict was against the weight of the evidence. Brief for Appellant at 20. Fulton identifies many contradictory and inconsistent statements made by Buchanan. *Id.* at 21-25. Fulton further asserts that no physical evidence was discovered, and Buchanan's testimony was unreliable. *Id.* at 23. Fulton claims that he was prejudiced by trial counsel's failure because it resulted in a waiver of his right to appeal this issue. *Id.*

In order to successfully challenge the weight of evidence, a petitioner would have to establish that the evidence supporting his conviction was "so tenuous, vague, and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Smith*, 146 A.3d 257, 265 (Pa. Super. 2016) (citations omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of evidence...." *Commonwealth v. Clay*, 64 A.3d

---

[3] Even if we could consider the merits of Fulton's claim, we would still affirm based on the reasoning set forth by the PCRA court in its Opinion. *See* PCRA Court Opinion, 9/13/18, at 8-11. Specifically, the PCRA court concluded that (1) Counsel acted on reasonable basis for failing to call two witnesses (*i.e.,* Drummond and Fulton's parole officer), and (2) Fulton did not provide Counsel with contact information for the other two witnesses (*i.e.,* Nina Taylor, Fulton's girlfriend, and "Donna," a tenant in Buchanan's home) each of whom were apparently unwilling to testify, as evidenced by their failure to appear at the hearing despite being subpoenaed. *See id.*

1049, 1055 (Pa. 2013). Moreover, "[t]he weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses." **Commonwealth v. Talbert**, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted).

During the PCRA hearing, Counsel testified that he did not file a post-trial motion because he had no evidence that would outweigh the evidence of the Commonwealth. **See** N.T., 8/17/17, at 20-21. Counsel testified that he had attempted to undermine Buchanan's credibility at trial, but the jury, nevertheless, found in the Commonwealth's favor. **See id.** at 20.

From the jury's verdict, it is evident that the jury credited Buchanan's trial testimony, and we may not disturb this finding on appeal. **See Talbert**, **supra**. Furthermore, the PCRA court carefully reviewed Fulton's claims and concluded that it would not have granted a post-trial motion challenging the weight of the evidence. **See** PCRA Court Opinion, 9/13/18, at 14. Therefore, we cannot conclude that Counsel was ineffective for failing to preserve a challenge to the weight of the evidence. **See Commonwealth v. Jones**, 912 A.2d 268, 278 (Pa. 2006) (stating that [c]ounsel will not be deemed ineffective for failing to raise a meritless claim.").

In his fifth argument, Fulton claims Counsel was ineffective for failing to file a motion to reconsider his sentence. Brief for Appellant at 25. Fulton contends that his sentence ignores his rehabilitative needs by overlooking the

fact that he suffers from mental health issues, and has a daughter who depends on him. *Id.*

Fulton fails to adequately develop this claim for review, or to include any citation to relevant legal authority in support of his assertion. *See* Pa.R.A.P. 2119(a). Accordingly, this claim is waived. *See Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his by failing to adequately develop his argument or provide citation to and discussion of relevant authority).

In Fulton's sixth argument, he contends that his Counsel was ineffective in representation by failing to present two issues on direct appeal. Brief for Appellant at 25.

Fulton's nearly incomprehensible argument fails to adequately develop an argument or discussion of these claims, and fails to cite any relevant case law concerning these issues. *See* Pa.R.A.P. 2119(a). Accordingly, these arguments are waived. *See Samuel, supra*; *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant.") (citation and quotation marks omitted).[4]

---

[4] We additionally note that even if we could consider the merits of Fulton's claim, he would not be entitled to relief for the reasons set forth by the PCRA court in its Opinion. *See* PCRA Court Opinion, 9/13/18, at 16-18.

Based upon the foregoing, we conclude that the PCRA court did not err in dismissing Fulton's Petition. We therefore affirm the PCRA court's Order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/19