**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kevin L. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 2001.

Filed Aug. 27, 2001.

Dale E. Klein, Harrisburg, for appellant.

James P. Barker, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before: CAVANAUGH, JOHNSON and HESTER, JJ.

CAVANAUGH, J.:

¶ 1 Appellant was tried before a jury and found guilty of possession of a controlled substance (crack cocaine) with intent to deliver. On appeal, he challenges the sufficiency of the evidence to sustain the conviction. We affirm.

¶ 2 The facts of record establish that on April 28, 2000, at approximately 1:30 a.m., appellant was observed by a Harrisburg police officer, who knew him to be on parole, in a high drug area exiting a bar. The officer approached appellant and conducted a consensual search. The officer found two glassine bags containing appar-

ent crack cocaine in the right inside pocket of Johnson's jacket. When the officer announced that she was placing him under arrest, appellant attempted to flee but was apprehended by a second officer. In a subsequent search of appellant's person, the following was seized: seven additional glassine bags containing apparent crack cocaine; $86.00 in U.S. currency; and a beeper.

■ ¶ 3 In a challenge to the sufficiency of the evidence, it must be viewed in the light most favorable to the verdict winner and all reasonable inferences must be drawn in favor of the verdict winner. *Com. v. Aguado,* 760 A.2d 1181, 1184–85 (Pa.Super.2000). In order to uphold a conviction for possession of narcotics with intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with intent to deliver. *Id.* The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. *Id.* Possession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of drug paraphernalia. *Com. v. Drummond,* 2001 PA Super 122 ¶ 9, 775 A.2d 849.

■ ¶ 4 The evidence introduced by the Commonwealth established that appellant was observed exiting a bar in a high drug area by an officer who knew that he was on parole. Pursuant to a consensual search, the police seized nine baggies containing a total of 1.8 grams of crack cocaine, $86 in cash, and a beeper. Detec-

tive William B. Jackson testified as an expert on behalf of the prosecution to his opinion that the appellant possessed the cocaine with intent to distribute based upon 1) the amount of cocaine in each bag as being worth approximately $20 to $25; 2) the propensity of a user to have $200 worth of cocaine in the form of two "street balls", weighing 1.5 grams apiece (total weight three grams), rather than in nine individual bags (total weight of 1.8 grams); 3) appellant's possession of a beeper; and 4) absence of a device for smoking the crack.[1]

¶ 5 Based upon the evidence of record, we find no error on the part of the lower court in concluding that there was sufficient evidence to sustain the conviction of possession with intent to deliver. The expert testimony presented established intent to deliver based upon the three abovementioned factors.

¶ 6 Judgment of sentence affirmed.

---

1. We note the recent ruling of the United States Court of Appeals for the Third Circuit in *U.S. v. Watson,* 260 F.3d 301 (3d Cir.2001), wherein it was held that, pursuant to Fed. R.Evid. 704(b), expert testimony is disallowed as to a defendant's mental state and the purpose of his actions, including intent to distribute drugs, as a prohibited expression of opin-

ion of an ultimate fact. However, under Pa. R.Evid. 704, opinion testimony, otherwise admissible, is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Thus our state rule expressly omits the exclusion provided under the federal evidentiary rule. *See* Pa.R.Evid. 704, Comment—1998.