COMMONWEALTH of Pennsylvania, Appellee

v.

**Charles BESS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 2001.

Filed Jan. 2, 2002.

Andrew J. Goncharoff, York, for appellant.

Heather L. Adams, Asst. Dist. Atty., York, for Com., appellee.

Before STEVENS, MUSMANNO and TAMILIA, JJ.

STEVENS, J.

¶ 1 This is an appeal from a judgment of sentence and the denial of a petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.[1] Appellant was convicted of possession with the intent to deliver a controlled substance (cocaine)[2] and possession of a controlled substance (cocaine)[3] for which the mandatory minimum sentence was imposed pursuant to 18 Pa.C.S.A. § 7508. On appeal, Appellant argues (1) the sentencing court erred in imposing the mandatory minimum sentence since the evidence did not establish that Appellant possessed a sufficient quantity of cocaine to invoke Section 7508, (2) trial counsel was ineffective in failing to file a motion seeking to suppress a statement Appellant made to the police, and (3) trial counsel was ineffective in failing to request a finding as to whether the jury determined how much of the cocaine was for Appellant's own use and how much was for delivery. We affirm.

¶ 2 The relevant facts and procedural history are as follows: Appellant was charged with delivery of cocaine on March

---

1. Appellant's appeals were consolidated.

2. 35 P.S. § 780–113.

3. 35 P.S. § 825.

11, 1999, after selling crack cocaine to a Pennsylvania State Trooper who was working undercover in York, Pennsylvania. The police arrested Appellant the next week, transported Appellant to police headquarters for questioning but failed to give Appellant *Miranda*[4] warnings. Appellant was searched, one hundred fifty-eight dollars ($158), was found on his person, and 2.2 grams of cocaine were recovered from his buttocks during a strip search. When the cocaine was discovered, Appellant spontaneously exclaimed that the drugs did not belong to him. Appellant was charged with possession of cocaine and possession with intent to deliver cocaine, the charges for which he was eventually convicted. Appellant's statement denying ownership of the drugs was included in the police report.

¶ 3 On September 16 and 17, 1999, Appellant, represented by Floyd P. Jones, Esquire, was tried by a jury in the Court of Common Pleas of York County. At trial, Appellant testified that he was a habitual drug user and that on the day he was arrested, he had purchased crack cocaine for his own use and to share with friends. Detective McBride testified for the Commonwealth and explained that the drugs were packaged for sale, but acknowledged that some people could consume this quantity of drugs in one day. The jury found Appellant not guilty of delivery but guilty of possession and possession with intent to deliver cocaine, which stemmed from the March 18, 1999 arrest and search of Appellant.

¶ 4 Still represented by Attorney Jones, Appellant proceeded to sentencing, where no additional evidence was presented by either the Commonwealth or by Appellant regarding how much of the cocaine was for personal use and how much was for delivery. Because Appellant possessed more than two grams of cocaine, the sentencing court held that the mandatory minimum sentence was applicable and sentenced Appellant to three to six years in prison plus a ten thousand dollar ($10,000.00) fine.

¶ 5 Appellant filed a timely direct appeal, and after thorough review, this Court, while retaining jurisdiction, remanded so that the trial court could hold an evidentiary hearing on Appellant's ineffective assistance of counsel claims. Meanwhile, on May 29, 2000, Appellant, represented by Andrew Goncharoff, Esquire, filed a PCRA petition, raising the same claims as those raised in his direct appeal. The PCRA court consolidated all of Appellant's outstanding claims and held a hearing addressing the issues raised in Appellant's direct appeal, which was on remand, and in Appellant's PCRA petition. On August 2, 2000, the PCRA court denied Appellant's PCRA petition and indicated that the claims raised in Appellant's direct appeal were meritless. This appeal followed, and it was consolidated with Appellant's previous direct appeal. A 1925(b) statement and opinion were properly filed.

¶ 6 Appellant first claims that the sentencing court erred by imposing the mandatory minimum sentence since the evidence did not prove Appellant possessed with an intent to deliver cocaine in sufficient quantity to invoke 18 Pa.C.S.A. § 7508.[5] While Appellant admits that the evidence establishes he possessed two and two-tenths (2.2) grams of cocaine, he alleges that the Commonwealth failed to show

4. *Miranda v. Arizona,* 396 U.S. 868, 90 S.Ct. 140, 24 L.Ed.2d 122 (1969).

5. As indicated *supra,* the claims raised in Appellant's direct appeal and in his PCRA petition are substantially similar. Since all of the issues raised in this consolidated appeal were properly raised in Appellant's direct appeal, we shall address them under the standard of review for direct appeals.

that Appellant intended to deliver at least two grams of cocaine to other people. We disagree.

¶ 7 18 Pa.C.S.A. § 7508 provides, in pertinent part, the following:

Drug trafficking sentencing and penalties

(A) GENERAL RULE.—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:....

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $ 5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $ 10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;....

18 Pa.C.S.A. § 7508.

¶ 8 Where a minimum sentence is statutorily mandated, a sentencing court lacks the authority to impose a sentence less severe than dictated by the legislature. *Commonwealth v. Green*, 406 Pa.Super. 120, 593 A.2d 899 (1991). Moreover, a sentencing court may not reassess the facts upon which it previously relied to establish guilt. *Commonwealth v. Jones*, 413 Pa.Super. 482, 605 A.2d 825, (1992), *allocatur denied*, 531 Pa. 652, 613 A.2d 557 (1992). However, before imposing a mandatory minimum sentence, a sentencing court must determine whether the offense for which the defendant was convicted falls within the parameters of the sentencing scheme. This requires a separate determination by the sentencing court. 18 Pa. C.S. § 7508(b) provides:

Provisions of (the Mandatory Minimum Sentence) shall not be an element of the crime..... The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S.A. § 7508.

¶ 9 At the sentencing hearing, the court determined that by a preponderance of the evidence, the amount of cocaine in Appellant's possession which was intended for delivery to others, was more than two grams, therefore, the court found that the statutory section imposing a mandatory sentence should be applied to Appellant. A review of the record leaves no doubt that the finding of the sentencing court is supported by the evidence.

¶ 10 The record revealed that two and two-tenths grams of cocaine were recovered from Appellant's buttocks in a bag in which drugs are commonly placed for sale, that Appellant had one hundred

and fifty-eight dollars in cash in his possession, and Appellant did not have any drug paraphernalia to use the drugs himself. Possession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of drug paraphernalia. *Commonwealth v. Drummond,* 775 A.2d 849 (Pa.Super.2001) Thus, we agree with the trial court's finding that the packaging of the drugs, the large sum of organized cash, and the absence of paraphernalia associated with the personal use of cocaine was sufficient to establish, by a preponderance of the evidence, that more than two grams of cocaine were possessed by Appellant with the intent to deliver.

¶ 11 Appellant's next claim is that trial counsel was ineffective in failing to file a motion seeking to suppress the statement Appellant made to the police. Specifically, Appellant avers trial counsel should have sought to suppress Appellant's statement that the drugs recovered from Appellant's buttocks did not belong to him.

■■■ ¶ 12 To prevail on a claim that counsel was ineffective, Appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's course of conduct was without a reasonable basis designed to effectuate his interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. if not for counsel's ineffectiveness, there is a reasonable probability that the outcome of the trial would have been different. *See Commonwealth v. Mason,* 559 Pa. 500, 741 A.2d 708 (1999). Counsel is presumed effective and Appellant has the burden to prove otherwise. *Commonwealth v. Marshall,* 534 Pa. 488, 633 A.2d 1100 (1993). The threshold inquiry in a claim of ineffective assistance of counsel is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Ingram,* 404 Pa.Super. 560, 591 A.2d 734 (1991).

■■■ ¶ 13 The merit aspect of the claim depends on whether the statement should have been suppressed. As to one's right against self-incrimination, a person must be informed of his or her *Miranda* rights prior to custodial interrogation by police. *Comonwealth v. Sites,* 427 Pa. 486, 235 A.2d 387 (1967). Moreover, the protective provisions of *Miranda* prohibit the continued interrogation of an interviewee in police custody once he or she has invoked the right to remain silent and/or to consult with an attorney. *Commonwealth v. Rucci,* 543 Pa. 261, 670 A.2d 1129 (1996). "Interrogation" means police questioning or conduct calculated to, expected to, or likely to evoke an admission. *Commonwealth v. Brown,* 551 Pa. 465, 711 A.2d 444 (1998). Where an interviewee elects to give an inculpatory statement without police interrogation, however, the statement is "volunteered" and not subject to suppression, notwithstanding the prior invocation of rights under *Miranda. Id; Commonwealth v. Bracey,* 501 Pa. 356, 461 A.2d 775 (1993); *Commonwealth v. Abdul–Salaam,* 544 Pa. 514, 678 A.2d 342 (1992). Interrogation occurs when the police should know that their words or actions are reasonably likely to elicit an incriminating response, and the circumstances must reflect a measure of compulsion above and beyond that inherent in custody itself. *See Commonwealth v. Fisher,* 564 Pa. 505, 769 A.2d 1116 (2001).

In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but "the ultimate inquiry is simply whether there [was] a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *Commonwealth v. Busch,* 713 A.2d 97, 99 (Pa.Super.1998)

(citing *Stansbury v. California*, 511 U.S. 318, 322–323, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (per curiam) (other citations omitted)). The initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views of the law enforcement officer or the person being questioned. "The fact that a[n] Appellant was the focus of the investigation is ... a relevant factor in determining whether he was 'in custody,' but does not require, per se, Miranda warnings." *Commonwealth v. Peters*, 434 Pa.Super. 268, 642 A.2d 1126, 1130 (1994).

*Commonwealth v. Smith*, 732 A.2d 1226, 1234 (Pa.Super.1998) (citations omitted).

■ ¶ 14 While we conclude that Appellant was in custody when the statement at issue was made, Appellant's statement was not made in response to police interrogation. The police were conducting a lawful search of Appellant's person when the police discovered the drugs in Appellant's buttocks. Appellant spontaneously exclaimed that the drugs did not belong to him, but this statement was not made in response to questioning by the police. Because the statement was not made in response to an interrogation, there are no grounds to suppress the statement. Thus, no motion to suppress was necessary by Appellant's counsel, and the ineffective assistance of counsel claim is meritless.

■ ¶ 15 Appellant's final claim is that trial counsel was ineffective in failing to request a jury instruction requiring the jury to make a finding of fact as to how much of the seized cocaine was for personal use and how much was for distribution. We find no relief is due on this basis. To the extent Appellant contends that the jury would not have convicted him of possession with the intent to deliver, had counsel requested the jury instruction, we find that counsel had a reasonable basis for his strategy. At trial, Appellant contended that all of the cocaine was for his personal use and that none of it was for delivery. Therefore, such an instruction would have been contrary to the Appellant's defense.

■ ¶ 16 To the extent Appellant contends that the sentencing court would not have sentenced him to the mandatory minimum under Section 7508, had such an instruction been given to the jury, we find that it would have been an inappropriate time to have asked for such a determination to be made. 18 Pa.C.S.A. § 7508 provides:

(B) PROOF OF SENTENCING.—Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

Whether the mandatory minimum sentence applies is the sole province of the judge at the sentencing hearing. *Commonwealth v. Glenn*, 450 Pa.Super. 130, 675 A.2d 343 (1996). Thus, any request of the court to find that Appellant had less than the amount of cocaine required by statute would have to have been made to the sentencing court and not by the jury. As such, this is not a basis for a finding of ineffectiveness of counsel.

¶ 17 Affirmed.