J. S27002/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
THOMAS WOOD, : No. 2108 EDA 2014
:
Appellant :


Appeal from the Judgment of Sentence, July 18, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0012382-2012


BEFORE: FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:               **FILED MAY 20, 2015**

This is an appeal from the judgment of sentence of July 18, 2014, following appellant's conviction of possession with intent to distribute a controlled substance ("PWID"), 35 Pa.C.S.A. § 780-113(A)(30), and possession of a controlled substance, 35 Pa.C.S.A. § 780-113(A)(16). We affirm.

The trial court has summarized the underlying facts of this case as follows:

> On August 14, 2012, Sergeant Paul Perez was on duty as a Narcotics Strike Force surveillance officer [i]n the 2300 block of North Colorado Street in Philadelphia. On the day in question Sergeant Perez was driving around looking for open-air drug sales. Sergeant Perez was an experienced narcotics officer who had made in excess of 50 arrests in that area and who had observed over a thousand [] open-air drug transaction[s].

---

*Former Justice specially assigned to the Superior Court.

>    Sergeant Perez set up a plain clothes surveillance, along with Police Officer Floyd. He immediately observed Defendant on the east side of the 2300 block of North Colorado. At approximately 12:40 [pm], Sgt. Perez observed a black male approach Defendant, engage in a brief conversation, and hand Defendant an undetermined amount of United States Currency (USC). Defendant removed a small item from his left top pocket and handed it to the unknown male, who left the area. Sgt. Perez put out the unknown black male's description over the police surveillance band, but he was not stopped.
>
>    Defendant continued to stay in the area of 2300 North Colorado, and at about 12:50 pm he was approached by another black male who handed Defendant currency after a very brief conversation. Defendant again removed a small item from his left breast pocket and handed it to the unknown male, who left the area. Sgt. Perez again put out the unknown black male's description over the police surveillance band, but he also was not located.
>
>    At approximately 1:00 pm Defendant was approached by a black female who greeted and hugged him, then sat down on the steps next to Defendant. Sgt. Perez then broadcast Defendant's location and description to uniformed officers who converged on the area and Officer Lutz stopped Defendant. Officer Lutz recovered 10 blue Ziploc packets which tested positive for cocaine and $58 in USC.

Trial court opinion, 12/17/14 at 2-3 (citations to the motion to suppress notes of testimony omitted).

Following the denial of appellant's motion to suppress, appellant proceeded to a non-jury trial. At the conclusion of the non-jury trial on April 9, 2014, appellant was found guilty of the aforementioned crimes. On

July 18, 2014, appellant was sentenced to 30 to 60 months' imprisonment on the PWID conviction followed by a consecutive period of three years' probation. For sentencing purposes, the possession of a controlled substance merged with PWID.

Appellant filed a timely appeal on July 21, 2014. On July 31, 2014, the trial court entered an order directing appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the date of the order. On December 15, 2014, appellant filed his untimely Rule 1925(b) statement raising one issue; namely, the sufficiency of the evidence. On December 17, 2014, the trial court filed its Rule 1925(a) opinion.

Preliminarily, we consider appellant's Rule 1925(b) statement of errors complained of on appeal. Clearly, the statement was untimely. According to the certified record, appellant did not seek an extension of time to file his Rule 1925(b) statement. The trial court proceeded to write its opinion addressing what it considered were the apparent issues, *i.e.*, the motion to suppress and the sufficiency of the evidence. In its opinion, the trial court notes it was aware of appellant's Rule 1925(b) statement filed on December 15, 2014.

This court has held that an attorney's untimely filing of a Rule 1925(b) statement in a criminal case, which would result in waiver of all of a defendant's claims on appeal, is **per se** ineffectiveness for which the

defendant is entitled to prompt relief. ***Commonwealth v. Burton***, 973 A.2d 428, 432-433 (Pa.Super. 2009) (***en banc***). In such cases, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal. If the trial court did not have an adequate opportunity to do so, remand is proper." ***Id.*** at 433. Instantly, the trial court has filed an opinion discussing appellant's claim. Therefore, remand is not necessary, and we proceed to address appellant's issue. ***See id.***

On appeal, appellant frames his issue as follows:

> 1. Whether the Trial Court's record of appellant, Thomas Wood's case reveals evidence sufficient to support the conviction for [PWID?]

Appellant's brief at 5.

With respect to his sufficiency issue, our standard and scope of review are established.

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt

about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Mobley***, 14 A.3d 887, 889-890 (Pa.Super. 2011).

Pennsylvania law prohibits "possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act." 35 P.S. § 780-113(a)(30). "The Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well settled that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with intent to deliver." ***Commonwealth v. Lee***, 956 A.2d 1024, 1028 (Pa.Super. 2008), ***appeal denied***, 964 A.2d 894 (Pa. 2009). When determining whether there was intent to deliver, "all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence." ***Commonwealth v. Bricker***, 882 A.2d 1008, 1015 (Pa.Super. 2005).

[I]f the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors.

Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and [large] sums of cash found in possession of the

> defendant. The final factor to be considered is expert testimony. Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

**Commonwealth v. Ratsamy**, 934 A.2d 1233, 1237-1238 (Pa. 2007), quoting **Commonwealth v. Jackson**, 645 A.2d 1366, 1368 (Pa.Super. 1994) (quotation marks omitted).

Here, appellant concedes he possessed a controlled substance in the form of ten packets of crack cocaine and $58 when he was stopped. However, appellant argues the evidence was insufficient to convict him of PWID because none of the alleged buyers were stopped, no expert testimony was provided establishing either the value of the drugs or an indication of whether the drugs were for personal use, and no testimony was given relating to any stash of drugs or the presence of drug paraphernalia used by drug dealers. (Appellant's brief at 9.)

Viewing the evidence in the light most favorable to the Commonwealth, together with all reasonable inferences therefrom, we reject appellant's argument that the evidence was insufficient. An experienced Narcotics Task Force officer, stationed in a high-crime drug neighborhood, set up a plain clothes surveillance and immediately observed a male approach appellant, speak briefly, and hand appellant U.S. currency. Officer Perez saw appellant remove a small item from his left top pocket and hand it to the unknown male. He watched this same scenario ten minutes

later with another unknown male. Approximately ten minutes later, appellant was stopped; 10 packets of cocaine and $58 were found on his person. No drug paraphernalia was found. The reasonable inference drawn from these facts is appellant was distributing drugs.

In *Commonwealth v. Bess*, 789 A.2d 757 (Pa.Super. 2002), this court found sufficient circumstantial evidence to support a conviction of PWID. *Id.* at 762. The police arrested the defendant after he sold cocaine to an undercover officer. *Id.* at 759-760. When the police searched him, they found 2.2 grams of cocaine in a single bag and $158 in cash on the defendant's person. *Id.* at 761. They did not find any paraphernalia. *Id.* The totality of the circumstances was sufficient to support a conviction of PWID. *Id.* at 761-762.

In *Commonwealth v. Johnson*, 782 A.2d 1040 (Pa.Super. 2001), this court again found sufficient evidence to support a conviction of PWID. The police arrested the defendant after they found crack cocaine on his person during a consensual search. *Id.* at 1041. The police asked to conduct the search because the defendant was in a high-crime drug area. *Id.* The police found 1.8 grams of crack cocaine divided among nine baggies. *Id.* The police also found $86 in cash and a beeper. *Id.* They did not find any paraphernalia in the defendant's possession. *Id.* Additionally, a police officer testified as an expert that the possession was

with intent to distribute. *Id.* The totality of these circumstances was sufficient to support the conviction. *Id.*

Appellant also contends that the lack of expert testimony rendered the evidence insufficient. Expert testimony is not necessary to support a conviction when the facts established at trial proved beyond a reasonable doubt that defendant was guilty of each and every element of the crime charged. *See Commonwealth v. Harper*, 611 A.2d 1211, 1217 (Pa.Super. 1992) (sufficiency question is determined by the evidence on the record, not supposed "missing" evidence). Here, expert testimony was not necessary because the Commonwealth had already presented sufficient evidence to establish appellant's guilt beyond a reasonable doubt through the eyewitness testimony of Officer Perez.

Because the evidence was sufficient to sustain appellant's conviction, he is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2015

- 8 -