J-S16005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPHEN GEORGE | |
| Appellant | No. 198 WDA 2016 |

Appeal from the Judgment of Sentence May 26, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003167-2014

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED SEPTEMBER 05, 2017**

Stephen George appeals from the May 26, 2015 judgment of sentence entered in the Allegheny County Court of Common Pleas following his convictions for possession with intent to deliver ("PWID"), possession of a controlled substance, and simple assault by physical menace.[1]  We vacate

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), and 18 Pa.C.S. § 2701(a)(3), respectively.

While the sentencing order states George was convicted of simple assault – bodily injury under 18 Pa.C.S. § 2701(a)(1), this appears to have been a clerical error.  The trial transcript establishes that the trial court convicted George of simple assault by physical menace under 18 Pa.C.S. § 2701(a)(3).  At the non-jury trial, when declaring the verdict, the trial court stated:

*(Footnote Continued Next Page)*

the judgment of sentence and remand with instructions to correct a clerical

error in the sentencing order.

The trial court described the facts as follows:

> This matter arises . . . out of [George]'s arrest on January 7, 2014 following a domestic dispute.  At the time of the arrest he was found to be in possession of 55 stamp bags of heroin and additional heroin was found in the residence where he was residing.  An Affidavit of Probable Cause dated January 7, 2014 was sworn to by one of the arresting officers from the City of Pittsburgh police, Sean Jozwiak, detailing the facts and circumstances related to the investigation of the domestic dispute, including his contact with the victim, Lacy Hass [("Victim")].  The affidavit also described [George]'s arrest outside their residence at 4805 Dearborn Street where he fled after . . . attacking [Victim].  The affidavit also detailed [George]'s arrest and the search incident to the arrest that found [George] in possession of 55 stamp bags of heroin and two cell phones.  [Victim] then consented to a search of the residence and an additional 18 stamp bags of heroin similar to those found on [George] were found in a coin purse on a mantel in the residence.  A handgun was also found in an armoire in the residence.

> A preliminary hearing was held on February 27, 2014 at which Officer Jozwiak testified that he and other officers

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

> Now on simple assaults, there's one causing bodily injury, Count 5.  The other one is simple assault by physical menace.

> I don't think 5 applies, so I find you not guilty on that.

> But on Count 6, simple assault by physical menace, I do think that applies given the fact that there was evidence that the victim was so shaken up and a little roughed up at the time.  So on Count 6 I find you guilty.

N.T., 3/23/15, at 3.

were dispatched to a domestic dispute at the K2 convenience store located at the 900 block of Penn Avenue in Pittsburgh, Pennsylvania. Upon arriving they met [Victim] at the convenience store and noted that she had scratches and red marks around her neck and behind her ear. In addition, Officer Jozwiak testified that he had an opportunity to observe a videotape of the incident in which he observed [George] grabbing [Victim] around the neck by the shirt and trying to force her out of the store. The officers were informed that [George] left the scene and was at his residence located at 4805 Dearborn Street and that a child was there. Several officers responded to that scene and located [George] outside the residence where he was taken into custody. Officer Jozwiak also testified that they transported the victim to her home and after [George] was taken into custody, the child was located in the residence and they obtained consent from [Victim] to search the home. The Commonwealth also presented the testimony of Officer Steven Schueler at the preliminary hearing who testified that he arrived at the address of 4805 Dearborn Street and encountered [George] outside the residence. [George] was placed under arrest and as a result of a search incident to the arrest was found to have 55 stamp bags of heroin in his left front jacket pocket.

A hearing was held on [George]'s Habeas Corpus Motion on January 15, 2015 at which time Officer Jozwiak again testified, however, his testimony was limited to describing the recovery of a handgun, men's clothing and some indicia related to [George] from an armoire in the Dearborn Street residence during the search after [George]'s arrest. On January 22, 2015[,] an order was entered denying the Writ of Habeas Corpus and the case proceeded to a stipulated non-jury trial on March 10, 2015 at which it was agreed that the Affidavit of Probable Cause, as well as the testimony from the preliminary hearing, would be incorporated into the record. After an appropriate colloquy in which [George] acknowledged that he understood and agreed to the proceedings, the Commonwealth introduced the lab report analyzing the drugs in question, as well as [George]'s certified record which establish him as a person not to possess.

The Commonwealth also presented the stipulated expert testimony of Detective Edward Fallert as follows:

- 3 -

[COMMONWEALTH]: The only other stipulation would be had we proceeded to trial in this case, we would have called an expert: namely, Detective Edward Fallert from the City of Pittsburgh Police who would have testified that based on the facts in this case, along with his training and experience, he believed that [George] possessed the heroin on his person with the intent to deliver said heroin.

[COURT]: Anything you want to add?

[GEORGE'S COUNSEL]: Your Honor, just a few things. . . . With respect to the heroin that Detective Fallert would have testified to that was actually found in the home on a mantel in a coin purse. With respect to the controlled substance that was found on . . . George, I believe that was a de minimis amount.

[COURT]: How much?

[COMMONWEALTH]: There were 55 stamp bags found on his person.

Based on the above evidence, [George] was found guilty of possession and [PWID] and simple assault by physical menace. [George] was found not guilty of possession of firearm prohibited, endangering the welfare of a child and simple assault.

Opinion, 8/2/16, at 2-5 ("1925(a) Op.") (internal citations and quotation marks omitted).

On May 26, 2015, the trial court sentenced George to 2 to 4 years' incarceration and a consecutive 5 years' probation on the PWID conviction, and a concurrent 2 years' probation on the simple assault conviction. The trial court imposed no further penalty on the conviction for possession of a controlled substance by a person not to possess.

On July 9, 2015, George filed a *pro se* motion requesting appointment of counsel and, on July 10, 2015, he filed a *pro se* notice of appeal. Following appointment of counsel, George filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, seeking reinstatement of his direct appeal rights and rights to pursue post-sentence motions *nunc pro tunc*. On September 10, 2015, the trial court granted George's PCRA petition. George timely filed his post-sentence motion, which the trial court denied on September 28, 2015. On January 19, 2016, George again filed a petition for PCRA relief seeking reinstatement of his direct appeal rights due to a mistake by his counsel's office, which the trial court granted. On February 8, 2016, George timely filed his notice of appeal.

George raises the following issues on appeal:

> I. Was the evidence presented insufficient as a matter of law to support the guilty verdict for [PWID] in that the Commonwealth failed to prove that [George], a known and admitted heroin addict, possessed the 55 stamp bags found on his person with an intent to deliver?
>
> II. Was the evidence presented insufficient as a matter of law to support the conviction for Simple Assault insofar as the only evidence presented to prove that an assault occurred was the testimony at the preliminary hearing that a police officer, who did not testify at trial, observed a surveillance video and scratches on the victim?

George's Br. at 5.

We apply the following standard when reviewing a sufficiency of the evidence claim:

[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Best*, 120 A.3d 329, 341 (Pa.Super. 2015) (quoting

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super. 2014)).

George first claims there was insufficient evidence to convict him of PWID. He claims that the 55 stamp bags found on his person were for personal use and there was no proof of intent to deliver.

To establish that a defendant is guilty of PWID:

[t]he Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well settled that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with intent to deliver.

In Pennsylvania, the intent to deliver may be inferred from possession of a large quantity of controlled substance. It follows that possession of a small amount of a controlled

substance supports the conclusion that there is an absence of intent to deliver.

Notably, "if, when considering only the quantity of a controlled substance, it is not clear whether the substance is being used for personal consumption or distribution, it then becomes necessary to analyze other factors."

*Commonwealth v. Lee*, 956 A.2d 1024, 1028 (Pa.Super. 2008) (quoting *Commonwealth v. Brown*, 904 A.2d 925, 931-32 (Pa.Super. 2006)). Further, "[w]hen determining whether a defendant had the requisite intent to deliver, relevant factors for consideration are 'the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash.'" *Commonwealth v. Carpenter*, 955 A.2d 411, 414 (Pa.Super. 2008) (quoting *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237-38 (Pa. 2007)). "Expert opinion testimony is also admissible 'concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.'" *Id.* (quoting *Ratsamy*, 934 A.2d at 1237-38).

During a search incident to his arrest, George was found with 55 stamp bags of heroin. N.T., 3/10/15, at 19-20. 30 stamp bags were marked "madmen" and the other 25 were marked "black list?" Aff. Probable Cause, 1/7/14, at 2. The search of George's person also revealed two cell phones. N.T., 3/10/15, at 20. Moreover, the parties stipulated that Detective Fallert would have testified "that based on the facts in this case, along with his training and experience, he believed that [George] possessed

the heroin on his person with the intent to deliver." *Id.* at 9. Finally, the trial court found that "the expert testimony of Detective Fallert, combined with the quantity of the stamp bags of heroin found [in George]'s possession and the lack of any use paraphernalia found on [George] or in the residence, establishes sufficient evidence that [George] possessed the heroin with the intent to deliver." 1925(a) Op. at 6. We agree.

Therefore, viewing the evidence in the light most favorable to the Commonwealth, we conclude there was sufficient evidence to convict George of PWID. *See Commonwealth v. Johnson*, 782 A.2d 1040, 1041 (Pa.Super. 2001) (finding sufficient evidence where appellant was in high drug area; police seized nine baggies containing 1.8 grams of crack cocaine, $86 in cash, and a beeper; and an expert testified as to appellant's intent to distribute).

George next claims there was insufficient evidence to convict him of simple assault – bodily injury under 18 Pa.C.S. 2701(a)(1). The transcripts, however, establish the trial court convicted George of simple assault by physical menace under 18 Pa.C.S. 2701(a)(3), *see supra* note 1, and not simple assault – bodily injury. The sentencing order merely reflected a clerical error. George does not challenge his conviction for simple assault by physical menace.

Even if George had challenged the simple assault by physical menace conviction, we would conclude the Commonwealth presented sufficient

evidence. A person commits simple assault under section 2701(a)(3) when he "attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. § 2701(a)(3).

We have stated the following regarding the sufficiency of a simple assault by physical menace conviction:

> The elements which must be proven are intentionally placing another in fear of imminent serious bodily injury through the use of menacing or frightening activity. *Id.* at 1151–1155. Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances. *Id.* at 1154.

*Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa.Super. 2003) (quoting *Commonwealth v. Repko*, 817 A.2d 549, 554 (Pa.Super. 2003)).

The trial court stated:

> In this case the victim was observed by police officers at the scene and found to have scratches and red marks [a]round her neck and behind her ear. They also observed a videotape of the incident which showed [George] grabbing the victim around the neck by the shirt and trying to force her out the store. [George] was attacking the victim to the extent that an employee of the store left the store to stop [George] from attacking the victim at which time he fled. The victim indicated that she stayed at the store for a brief time and then fled in fear of [George] coming back to continue to beat or kill her. Even while standing with the officers, victim refused to stand near the convenience store, expressing her fear to the officers that [George] may return and attempt to beat her. The fact that the victim did not testify or that the video was not exhibited at trial does not negate the evidence of the assault that was admitted. Based on all of the evidence in this case it is clear that the Commonwealth met its burden of proving simpl[e] assault by physical menace beyond a reasonable doubt.

1925(a) Op. at 7-8 (internal citations omitted). We agree.

Judgment of sentence vacated. Case remanded for the trial court to correct the sentencing order to reflect Count Six being simple assault by physical menace under 18 Pa.C.S. § 2701(a)(3). Judgment of sentence is affirmed in all other respects. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/5/2017

- 10 -