J-S36025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAVARIS MICHAEL GREENE, | : | |
| | : | |
| Appellant | : | No. 2728 EDA 2017 |

Appeal from the Judgment of Sentence July 20, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0005196-2015

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.:               **FILED DECEMBER 11, 2018**

Tavaris Greene ("Appellant") appeals from the Judgment of Sentence entered by the Montgomery County Court of Common Pleas after a bench trial finding him guilty of Possession with Intent to Deliver ("PWID").[1]  He challenges the denial of his Motion to Suppress, the sufficiency of the evidence, and the discretionary aspects of his standard-range sentence.  After careful review, we affirm.

We have gleaned the following factual and procedural history from our review of the certified record.  In February 2015, an anonymous concerned citizen reported to police officers that illicit drug sales were occurring through the fence in the backyard of the house located at 17 West 2nd Street  in Bridgeport, Montgomery County (the "House"), and that people were coming

_____

[1] 35 P.S. § 780-113(a)(30).

to the House to pick up cocaine. Police Officers Christopher R. Schwartz of the Plymouth Township Police Department and William Murphy of the Bridgeport Borough Police Department, both experienced drug investigators,[2] began their investigation, which included working with a reliable confidential informant ("CI"). The CI, who knew Appellant as "Var," arranged and transacted three controlled buys between May and June 2015 with Appellant. The phone number that the CI called or texted to arrange the drug transactions belonged to Appellant. Review of law enforcement databases revealed that Appellant used the House as his legal address, and during their surveillance, police officers observed the vehicles Appellant used to meet the CI parked at the House both before and after the transactions.[3] *See* N.T. Suppression, 2/15/17, at 8-10.

Most relevant to this appeal, in the third controlled buy, the CI and Appellant exchanged text messages and one telephone call to set up a meeting. While two officers went to the meeting site with the CI, two other

---

[2] Both officers have worked on various investigations with the Montgomery County Drug Task Force since at least 2008, and work with their respective police departments exclusively on drug investigations.

[3] None of the controlled buys occurred from the House itself. In each buy, the CI sent and received text messages or phone calls to/from Appellant, and Appellant drove to the meeting site using one of two vehicles that police officers saw parked at the House at various times during their investigation. After the second controlled buy, police officers followed the vehicle Appellant used back to the House and watched as Appellant backed his vehicle into the driveway abutting the House. One vehicle was registered to Appellant's girlfriend; the other vehicle was registered to a different individual.

officers watched the House as Appellant exited the House, entered the Acura (the same car Appellant had used in the first controlled buy) and drove to the meeting site. Once there, the CI entered the front passenger side of the vehicle and purchased cocaine from Appellant.[4]

On June 16, 2015, police officers executed a search warrant for the House. Appellant was present at the time. The officers recovered eight cell phones, a scale, unused baggies, an empty bottle of Inositol, two plates with cocaine residue, and 59.62 grams of cocaine. In addition, the officers recovered from a bedroom Appellant's identification card, reward cards, and other documents containing Appellant's name. *See* N.T. Trial, 2/21/17, at 8-9. The Commonwealth arrested Appellant and charged him with, *inter alia*, one count of PWID.

Appellant filed a Motion to Suppress, arguing that the Affidavit of Probable Cause supporting the Search Warrant did not present sufficient evidence to demonstrate a nexus between the controlled buys and the House. The court held a hearing at which the parties agreed to admit the Affidavit of Probable Cause and the Search Warrant without testimony. The officers opined in the Affidavit that, in their experience, drug dealers frequently secrete drugs and the proceeds from their illicit transactions in their houses.

---

[4] Although the Affidavit of Probable Cause did not specifically identify the "thin, black man" leaving the house as Appellant, the CI identified Appellant as the person in the vehicle from whom he/she purchased the drugs.

The court concluded that the Search Warrant was supported by probable cause and denied the Motion to Suppress.

Appellant proceeded to a stipulated bench trial on February 21, 2017, at which the parties agreed to the incorporation of the notes of testimony from the suppression hearing. In addition, the Commonwealth supplemented the facts with a recitation of the items found in the House and proffer of the lab report showing that the substance found in the House was cocaine. The court immediately found Appellant guilty of one of count of PWID, and ordered a pre-sentence investigation ("PSI") and report.

On July 20, 2017, the court held a sentencing hearing at which Appellant's 12-year-old son and Appellant's girlfriend testified. After hearing arguments from counsel, the court noted its review of the PSI report, Appellant's extensive criminal history, and the failure of past county sentences and court supervision to deter Appellant from committing new crimes. The court also noted its review of the Sentencing Code and sentencing guidelines that informed it that Appellant's PWID offense is an ungraded felony with a maximum term of incarceration of 20 years. The court declined to find any mitigation and sentenced Appellant to a standard range term of 5 to 15 years' incarceration, with credit for time served. *See* N.T. Sentencing, 7/20/17, at 13-14. Appellant filed a Post-Sentence Motion, which the court denied without a hearing.

Appellant timely appealed. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for this Court's review:

1. Whether the trial court erred in denying [Appellant's] Motion to Suppress where [Appellant] contended the four (4) corners of the Search Warrant and accompanying Affidavit of Probable Cause did not provide the requisite level of probable cause based upon the totality of the circumstances to support its issuance.

2. Whether there was insufficient evidence presented at the time of the stipulated non-jury trial before the Court to prove [Appellant] guilty beyond a reasonable doubt on the charge of [PWID] where there were no observed sales and/or delivery of any controlled substance to either a "buyer" or "confidential informant" or "undercover police officer" and the only evidence was based upon circumstantial evidence.

3. Whether the trial court abused its discretion in imposing an unreasonable sentence of five (5) to fifteen (15) years as the sentence was excessive. [Appellant] challenges the discretionary aspects of the trial court's sentence.

Appellant's Brief at 11.

**Issue 1 – Motion to Suppress**

Appellant first challenges the denial of his Motion to Suppress, contending that the Affidavit of Probable Cause supporting the Search Warrant failed to establish a nexus between the House and drug sales or storage. *Id*. at 31.

Based on our review of the relevant case law, we conclude the suppression court did not err in determining that there was a nexus between Appellant's drug dealing activity and the House, and that the search of the House was supported by probable cause that criminal activity was afoot in the House.

Our well-settled standard of review in an appeal from an order denying a motion to suppress is as follows:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (citation omitted).

Our review of the suppression court's legal conclusions drawn from the Commonwealth's evidence is *de novo*. *Commonwealth v. Mistler*, 912 A.2d 1265, 1269 (Pa. 2006).

In Pennsylvania, "the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures." *Commonwealth v. Clemens*, 66 A.3d 373, 378 (Pa. Super. 2013) (internal alteration and quotation marks omitted). "Where there exists a reasonable expectation of privacy, Article I, Section 8 and the Fourth Amendment generally require police to obtain a warrant, issued by a neutral and detached magistrate and founded upon probable cause, prior to conducting a search or seizure of a person and/or a person's property, unless one of the few well delineated

exceptions apply." ***Commonwealth v. Loughnane***, 173 A.3d 733, 741 (Pa. 2017).

Pennsylvania Rule of Criminal Procedure 203 provides, in relevant part, that:

> (B) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority.... The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.
>
> * * *
>
> (D) At any hearing on a motion for the [ ] suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (B).

Pa.R.Crim.P. 203.

We consider the totality of the circumstances set forth in the affidavit supporting the search warrant when reviewing whether probable cause supported the issuance of the search warrant. We have explained the probable cause requirement as follows:

> [T]he question of whether probable cause exists for the issuance of a search warrant must be answered according to the totality of the circumstances test articulated in ***Commonwealth v. Gray***, 503 A.2d 921 (Pa. 1985), and its Pennsylvania progeny, which incorporates the reasoning of the United States Supreme Court in ***Illinois v. Gates***, 462 U.S. 213 (1983).... The task of the magistrate acting as the issuing authority is to make a practical, common sense assessment of whether, given all the circumstances set forth in the affidavit, a fair probability exists that contraband or evidence of a crime will be found in a particular place. A search warrant is defective if the issuing authority has not been supplied with the necessary information. The chronology

established by the affidavit of probable cause must be evaluated according to a common sense determination.

Further, probable cause is based on a finding of the probability, not a *prima facie* showing, of criminal activity, and deference is to be accorded a magistrate's finding of probable cause. We must limit our inquiry to the information within the four corners of the affidavit submitted in support of probable cause when determining whether the warrant was issued upon probable cause.

*Commonwealth v. Arthur*, 62 A.3d 424, 432 (Pa. Super. 2013). *See*, *e.g.*, *Commonwealth v. Wallace*, 42 A.3d 1040, 1049-50 (Pa. 2012) (noting that under the *Gates* test, "we consider the affidavit of probable cause 'in its entirety, giving significance to each relevant piece of information and balancing the relative weights of all the various *indicia* of reliability (and unreliability)' … to determine whether the issuing magistrate had a substantial basis for concluding that probable cause existed.").

"[T]he task of a magistrate is to make a practical, common sense determination whether, given all the circumstances set forth in the affidavit, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Commonwealth v. Clark*, 28 A.3d 1284, 1290 (Pa. 2011) (quoting with approval *Commonwealth v. Davis*, 595 A.2d 1216 (Pa. Super. 1991).[5]

---

[5] In *Clark*, the Pennsylvania Supreme Court found a nexus between the drug dealer's house and his crimes where the Affidavit of Probable Cause described the police arrangement of a controlled buy using a reliable CI, as well as the officers' observations of the appellant leaving his house, driving to the site of the prearranged buy, conducting the transaction, and returning to his

Here, the Affidavit of Probable Cause contained sufficient details that established a nexus between the House and Appellant's drug dealing activities. They included (1) the police officers following Appellant after the second controlled buy back to the house where Appellant parked the car in the driveway abutting the property; and (2) police officers observing Appellant leaving the House after the CI arranged the third controlled buy, watching Appellant get into the vehicle he had used in the first controlled buy, and following him to the pre-arranged meeting site to consummate the planned drug sale with the CI. The CI confirmed that Appellant sold him/her the drugs in the car. **See** Affidavit of Probable Cause, dated 6/25/15, at 17, 18-19. Combined with all of the other circumstances presented in the Affidavit of Probable cause, *i.e.*, a tip from a concerned citizen, an investigation conducted by police officers trained and experienced in drug interdiction, surveillance, and *three* controlled buys using a reliable, experienced CI, these facts "permitted the issuing authority to conclude that drugs would likely be found in the residence." **Clark**, **supra** at 1291. Appellant's first issue, thus, fails.

---

residence. 28 A.3d at 1289-90. In **Davis**, this Court concluded that the CI's observations of the appellant making three drug sales in the street and entering a particular residence after each sale, along with the appellant's telling the CI that he had just received a shipment of drugs, furnished adequate probable cause for a search warrant of defendant's home. 595 A.2d at 1221. **Cf. Wallace**, 42 A.3d at 1050 (finding no probable cause to support an anticipatory search warrant where police officers "had not observed any criminal activity nor were they informed of any prior criminal activity involving either the appellant or that location").

## Issue 2 - Sufficiency of the Evidence

Appellant next challenges the sufficiency of the evidence supporting the conviction for PWID.  After setting forth boilerplate case law, Appellant's entire argument is as follows:

> In this case, according to the factual summary of the assistant district attorney, [Appellant] was not alleged to have engaged in controlled buys with the confidential informant.  Rather, the only evidence were drugs which were found in the property in Bridgeport, Pennsylvania.  The fact the quantity of drugs manifested a possession with the intent to deliver, does not mean that [Appellant] possessed the drugs with intent to deliver.  There was simply insufficient evidence presented to find [Appellant] guilty of the ungraded felony of possession with intent to deliver.

Appellant's Brief at 35.

In reviewing a challenge to the sufficiency of the evidence, this Court must determine whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Brooks*, 7 A.3d 852, 856-57 (Pa. Super. 2010).  In applying this test, we may not weigh the evidence and substitute our judgment for the fact-finder. *Id.*

The offense of PWID, set forth at 35 P.S. § 780-113(a)(30), provides that the Commonwealth must prove that the defendant possessed the controlled substance and that he did so with the intent to deliver. *Commonwealth v. Johnson*, 782 A.2d 1040, 1041 (Pa. Super. 2001).  All facts and circumstances surrounding the possession are relevant and the

Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence. *Commonwealth v. Drummond*, 775 A.2d 849, 853-54 (Pa. Super. 2001) (*en banc*); *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007).

Here, Appellant stipulated to the Commonwealth's evidence. That evidence established that he sold drugs to a CI in three controlled buys. Additionally, when the police searched Appellant's house, they recovered nearly 60 grams of cocaine, a scale, and baggies consistent with packaging for distribution.[6] We conclude the evidence was sufficient to support the PWID charge.[7]

Further, Appellant's conclusory argument is utterly devoid of merit for the following additional reasons. First, Appellant's argument seems to be premised on his contention that there was no nexus between his sales to the CI and the House. As noted above, we disagree with that premise.

---

[6] In his Brief, Appellant concedes that the amount of drugs discovered in the House manifested possession with an intent to deliver. *See* Appellant's Brief at 35.

[7] Although Appellant recites boilerplate law pertaining to constructive possession in his Brief, he otherwise raises no issue and provides no argument on the applicability of the concept to his case. Thus, Appellant has waived any argument pertaining to constructive possession that he may have had on appeal. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa. Super. 1992) (deeming issue waived where the appellant's brief failed to "include a pertinent discussion of the particular point raised along with citation to pertinent authorities.").

- 11 -

Second, at trial, the parties stipulated to the evidence presented at the suppression hearing and then the Commonwealth supplemented that evidence with certain representations to the court. Appellant argues that the Commonwealth failed to establish that he is guilty of PWID because the Commonwealth's supplemental representations did not include evidence of the controlled buys. This argument fails because the evidence from the suppression hearing included evidence of the controlled buys, and it was proper for the trial court to consider both the evidence from the suppression hearing as well as the supplemental representations in its decision to convict Appellant of PWID.

Accordingly, Appellant's second issue warrants no relief.

**Issue 3 - Discretionary Aspects of Sentence**

In his third issue, Appellant challenges the discretionary aspects of sentence when he asserts that his sentence of five to fifteen years' incarceration is "manifestly excessive and unreasonable," and "contrary to the fundamental norms which underlie the sentencing process." Appellant's Brief at 36. Appellant also asserts that the court "failed to consider . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant," as set forth in 42 Pa.C.S. § 9721(b). Appellant's Brief at 37. He also avers that the sentencing court "failed to state of record any reasons for the sentence imposed." *Id*. at 37-38.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **See Commonwealth v. Hill**, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) include in his brief "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[,]" pursuant to Pa.R.A.P. 2119(f); and (2) "show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **Id.** at 363-64.

Here, Appellant filed a timely Notice of Appeal, preserved the issue in his Post-Sentence Motion, and included a Rule 2119(f) Statement. We, thus, proceed to determine if Appellant has presented a substantial question.

It is well-settled that:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and quotation marks omitted).

"An appellant must articulate the reasons the sentencing court's actions violated the sentencing code." **Id**. Bald claims of excessiveness without a plausible argument that the sentence is contrary to the sentencing code do

not raise a substantial question. **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002).

Where the trial court has the benefit of a PSI Report, our Supreme Court has held that "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing **Commonwealth v. Devers**, 546 A.2d 12, 18-19 (Pa. 1988)). Where the trial court has reviewed the PSI, it may properly "satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." **Id.**

In addition, a standard range sentence imposed after consideration of a pre-sentence report, without more, cannot be considered excessive or unreasonable. **Commonwealth v. Cruz–Centeno**, 668 A.2d 536, 546 (Pa. Super. 1995).

Here, Appellant avers that the sentence "is inconsistent with the Sentencing Code in that the sentencing court failed to state of record any reasons for the sentence imposed." Appellant's Brief at 38. Contrary to Appellant's contention, the sentencing court stated the following on the record:

All right, the [c]ourt does have the benefit of the presentence investigation and report, which I have carefully considered, together with the Sentencing Code and the sentencing guidelines.

We are dealing with an ungraded felony, **maximum 20 years**, Level 5 offense. Level 5 offenses are the most serious offenses in the Sentencing Guideline Code.

I have also considered the fact that he still has family support. He's had the testimony of those people today. There are a number of his supporters here.

His social history is set forth at great length in the report and was accurately commented on by defense counsel. I have considered that.

Certainly, the criminal history is significant. The prosecutor has recited it in great detail. I need not repeat that.

I think the [c]ourt could easily justify a longer sentence than the sentence I will impose. I do believe there still remains an undue risk that this defendant will commit new crimes when no[t] incarcerated, as we've seen county sentences and court supervision have no[t] always deterred him from committing new crimes. This is this the sixth drug offense and I think that the standard guideline range is appropriate. I decline to find sufficient mitigation here.

N.T. Sentencing, 7/20/17, at 13-14 (emphasis added).

Based on the sentencing court's statement, Appellant has failed to present a plausible argument that the court violated the Sentencing Code. ***See Mouzon***, ***supra***.

Appellant also contends that "the trial court abused its discretion by imposing a manifestly excessive sentence that constituted too severe a punishment." Appellant's Brief at 38. In light of the fact that Appellant's sentence falls within the standard range, Appellant's claim essentially amounts

to a bald claim of excessiveness.[8]   Such claims do not present a substantial question.  **Mouzon, supra** at 627.  **See also Cruz–Centeno**, **supra** at 546.

Accordingly, we decline to review the merits of his challenge to the discretionary aspects of his sentence.

Based on the foregoing analysis, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/18

---

[8] In the argument section of his Brief, Appellant implies that the sentence was outside the sentencing guidelines, but he fails to state what the guidelines provide and where his sentence fell relevant to the guidelines.  **See** Appellant's Brief at 45.  Further, Appellant ignores the relevance of his five prior PWID convictions, and the court's conclusion that, in fact, a longer sentence would be justifiable.